UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


DENNIS GAUTHIER,                :
                                  :
        Petitioner,           :
                                    :
       v.                    :        CIVIL NO. 3:CV-16-680
                                    :
DAVID J. EBBERT,           :        (Judge Kosik)
                                    :
        Respondent.     :


**<u>MEMORANDUM</u>**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Petitioner Dennis Gauthier, an inmate confined at the Lewisburg Federal Penitentiary, Pennsylvania. He has paid the required filing fee. The petition has been given preliminary consideration and, for the reasons discussed below, will be dismissed for lack of jurisdiction. <u>See</u> Rules Governing Section 2254 Cases, Rule 4.[1]

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, habeas corpus petitions must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although the instant petition is governed by 28 U.S.C. § 2241, the Court may apply the 28 U.S.C. § 2254 Rules "to a habeas corpus petition not covered by Rule 1(a)" of the § 2254 rules. <u>See</u> Rule 1(b) of the Rules Governing Section 2254 Cases.

## I.     Background

Petitioner was sentenced to 120 months on February 3, 2011, in the United States District Court for the District of Maine on drug charges.  In the petition, he states that he did not file a direct appeal or a motion challenging his sentence under 28 U.S.C. § 2255.  He states that he did not file a § 2255 motion because it would now be untimely.  He raises the following three challenges to his sentence: (1) the District Court of Maine committed a due process violation when they improperly sentenced him; (2) the government failed to comply with the statutory mandates of 21 U.S.C. § 851; and (3) trial counsel was ineffective during the plea negotiation process.  (Doc. 1, Pet. at 6, 7.)  At no point does Petitioner claim that he is innocent of the charges or that new Supreme Court case law has now made his conduct non-criminal.

The instant § 2241 petition was filed in this Court on April 25, 2016.  (Doc. 1.) In the petition, it is clear that Petitioner is challenging his underlying criminal sentence imposed by the United States District Court for Maine.

## II.    Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(e).  Section 2255(e) provides that:

2

> An application for a writ of habeas corpus [pursuant to §
> 2241] in behalf of a prisoner who is authorized to apply for
> relief by motion pursuant to [§ 2255] shall not be entertained
> if it appears that the applicant has failed to apply for relief,
> by motion, to the court which sentenced him, or that such
> court has denied him relief, unless it also appears that the
> remedy by motion is inadequate or ineffective to test the
> legality of his detention.

28 U.S.C. § 2255(e).  To that end, the Court of Appeals for the Third Circuit has

observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by

which federal prisoners can challenge their convictions or sentences that are allegedly

in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir.

2002)(citing Davis v. United States, 417 U.S. 333, 343 (1974)).  Section 2255(e)

specifically prohibits federal courts from entertaining a federal prisoner's collateral

challenge by an application for habeas corpus unless the court finds that a Section

2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re

Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).  This safety valve language in Section

2255(e) has been strictly construed.  See Application of Galante, 437 F.2d 1164, 1165-

66 (3d Cir. 1971)(concluding that unfavorable legal standards in circuit where

sentencing court was located do not render Section 2255 remedy inadequate or

ineffective); Millan-Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971)(concluding that

doubts about the administration of a Section 2255 motion in particular do not make the

remedy inadequate or ineffective); <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 684 (3d Cir. 1954)(holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief.  <u>Dorsainvil</u>, 119 F.3d at 251.  Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this Court.  <u>See</u>, <u>e.g.</u>, <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002); <u>United States v. Brooks</u>, 230 F.3d 643, 647 (3d Cir. 2000); <u>Dorsainvil</u>, 19 F.3d at 251.  Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained on conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief.  <u>Dorsainvil</u>, 119 F.3d at 251-52 (recognizing that the exception could apply where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted).

Petitioner does not even seek to overcome these Section 2241 barriers.  All of the arguments raised in the petition were known to Petitioner and could have been

4

advanced earlier.  While Petitioner is correct that he is now time-barred from filing a § 2255 motion with the Maine District Court that sentenced him, this is merely a personal inability to now use that remedy.  It does not mean that the remedy was not available to him.  Further, even if Petitioner had filed a § 2255 motion and had been unsuccessful, he admits that he never went to the proper circuit court to seek to file a second or successive motion.  While Petitioner may seek to be resentenced, this Court is clearly without jurisdiction to do so.  Petitioner's argument as to why the remedy available pursuant to Section 2255 is "inadequate or ineffective" to address his challenges to his federal sentence is unavailing.  Petitioner does not assert that he is actually innocent of his underlying conviction.  Instead, he merely contends that he is time-barred from filing a § 2255 motion with the sentencing court.

The Third Circuit Court of Appeals has regularly held that the challenges of federal inmates attacking sentence enhancements cannot be raised by means of a Section 2241 petition and a district court has no Section 2241 jurisdiction to reexamine or second guess the decision of the federal sentencing court.  See, e.g., Mikell v. Recktenwald, 545 F. App'x 82 (3d Cir. 2013)(petitioner made no allegation that he was actually innocent of the drug crime for which he was convicted, he asserted only that he was innocent of being a career offender and his sentence was improper, thus the Dorsainvil exception was inapplicable and relief under Section

2241 was not available); <u>Rhines v. Holt</u>, 434 F. App'x 67 (3d Cir. 2011)(affirming dismissal of Section 2241 petition for lack of jurisdiction where petitioner argues that he was "actually innocent" of the sentencing enhancement applied to him); <u>Sorrell v. Bledsoe</u>, 437 F. App'x 94 (3d Cir. 2011)(the exception created in <u>Dorsainvil</u> does not apply where the claim is that the prisoner's sentence was improperly calculated). Thus, Petitioner's sentencing claim is not the type of claim that a federal prisoner may bring by way of a Section 2241 habeas petition in any event.

As stated in <u>Dorsainvil</u>, the Third Circuit held that Section 2241 relief is available where a subsequent statutory interpretation renders a petitioner's conduct for which he was convicted no longer criminal. <u>Dorsainvil</u>, 119 F.3d at 251-52; <u>see also</u> <u>Okereke</u>, 307 F.3d at 120 (holding that relief under Section 2241 is only available in "rare situations" where the crime of conviction is later deemed non-criminal). Section 2241 is not available for intervening changes in the law of sentencing. <u>Id</u>. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy. <u>See</u> <u>Okereke</u>, 307 F.3d at 120. In the instant case, Petitioner does not allege that the crime for which he was convicted has been rendered non-criminal. Rather, he challenges the sentence imposed and the effectiveness of his counsel during the plea and sentencing stages of the proceedings. Accordingly, the limited <u>Dorsainvil</u> exception is inapplicable, and

6

Section 2241 relief is not available.  See <u>Okereke</u>, 307 F.3d at 120 (distinguishing <u>Dorsainvil</u> and dismissing habeas petition for lack of jurisdiction when subsequent statutory interpretation altered an element of sentencing but not the petitioner's conviction).

Petitioner has failed to show that Section 2255 is inadequate or ineffective to challenge his conviction and sentence.  Consequently, the instant § 2241 petition will be dismissed for lack of jurisdiction.  An appropriate order follows.